# PLEA AGREEMENT

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 04 2020
ARTHUR JOHNSTON
BY _____ DEPUTY



| Subject:<br>United States v. Red Samurai Sushi, Inc.<br>Criminal No. | Date:<br>July 7, 2020 |
|---|---|

**To:**
J. Michael Duncan, Esq.
Attorney for Defendant

**From:**
D. Michael Hurst, Jr.
United States Attorney
Southern District of Mississippi

Red Samurai Sushi, Inc., Defendant herein, and J. Michael Duncan, attorney for Defendant, have been notified and understand and agree to the items contained herein (which plea terms are set forth in full below, the Defendant waiving the provision for a separate sealed plea supplement as called by Local Rule 49.1(A)(2)), understand and agree that:

1. **Defendant's Obligations.** If Defendant tenders a plea of guilty to the Criminal Information in this case, charging Defendant with Harboring Illegal Aliens in violation of 8 U.S.C. §1324(a)(1)(A)(iii), agrees to serve a term of probation of two years, agrees to an immigration compliance program as detailed below, confesses and agrees to the Forfeiture Allegation, and fully performs under the forfeiture paragraph of this agreement;

2. **Government's Obligations.** Thereafter, the United States Attorney's Office for the Southern District of Mississippi ("U.S. Attorney") will: (i) recommend that the Court accept Defendant's plea of guilty, and, at sentencing, (ii) recommend that the Court sentence the Defendant to pay a $100,000.00 fine, to be paid in four increments of $25,000 every quarter beginning from the date the parties sign this agreement (with total amount being paid one year from date of agreement), and that any probation imposed will terminate upon receipt of payment of the fine; and (iii) inform the United States Probation Office and the Court of this Agreement, the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant which the U.S. Attorney deems relevant to sentencing.

3. **Count of Conviction.** It is understood that, as of the date of this plea agreement, Defendant and Defendant's attorney have indicated that Defendant desires to plead guilty to the Criminal Information filed in this case.

4. **Sentence.** Defendant understands that the penalty for the offense charged in the Criminal Information, charging a violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii), is a term of not less than one and not more than five years of probation and a fine up to $500,000.00, or twice the gross gain, whichever is greater.

1

5. **This Agreement Does *Not* Bind the Court.** It is further understood that the Court, in accord with the principles of Rule 11, Federal Rules of Criminal Procedure, is not required to accept the recommendation of the U.S. Attorney, but may sentence Defendant as provided by law, and the U.S. Attorney has no other obligation in regard to sentencing than as stated in Paragraph No. 2.

6. **Determination of Sentencing Guidelines.** It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

7. **Willingness to Fulfill.** It is further understood and specifically acknowledged by Defendant that the consideration for the action by the U.S. Attorney herein is Defendant's representation, by execution of this Plea Agreement and otherwise, that Defendant both can and will carry out the terms and conditions contained herein.

8. **Limit on Further Prosecution.** It is further understood that the U.S. Attorney will seek no further criminal prosecutions of Defendant for any acts or conduct disclosed by Defendant to this Office as of the date of the Plea Agreement arising out of any event covered by the information referenced in Paragraph No. 1, if Defendant voluntarily, truthfully and completely discloses all information and knowledge that Defendant has. Should Defendant not voluntarily and completely disclose, then as to that matter, the U.S. Attorney is free to seek prosecution of Defendant. This Plea Agreement does not provide any protection against prosecution for any crimes except as set forth above committed by Defendant.

9. **Breach of Plea Agreement and Further Crimes.** It is further understood that should Defendant fail or refuse as to any part of this plea agreement or commit any further crimes, then, at its discretion, the U.S. Attorney may treat such conduct as a breach of the Plea Agreement and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney has not sought as a result of this plea agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause, and any federal criminal violation of which this office has knowledge. It is also understood that if the Plea Agreement is determined breached by the U.S. Attorney, then the U.S. Attorney has the discretion to rescind the Plea Agreement and, if rescinded, is not obligated to fulfill its representations, recommendations and responsibilities herein.

10. **Binding Effect On This District Only.** It is further understood that the plea agreement does not bind any state or local prosecuting authorities or any other federal district

except as to the use of Defendant's statements voluntarily given hereunder; further, this agreement does not bind the Attorney General of the United States in regard to any matter, civil or criminal, involving the tax statutes of the United States.

**11.** **Forfeiture.** Defendant understands that any forfeiture order entered by the court is mandatory and is a part of his sentence.

Defendant agrees to (and does hereby) immediately and voluntarily forfeit to the United States of America all assets and property subject to forfeiture as a result of Defendant's illegal conduct as charged in the Information in this case, regardless of the location of the assets and regardless of whom is in possession, custody or control of the assets. Defendant agrees to forfeit any illegal immigration harboring-related asset that the U.S. Attorney determines Defendant to have or have had an ownership or possessory interest in at any time relevant to this Information. Defendant agrees to enter into an Agreed Preliminary Order of Forfeiture immediately following the entry of Defendant's guilty plea and to truthfully account for and characterize the nature and value of all of Defendant's assets.

Further, relative to the forfeiture herein, Defendant agrees as follows:

a. to fully assist the U.S. Attorney in the recovery and return to the United States of any assets, property, or portions thereof, as described above, and to make an immediate, truthful, and complete disclosure to the appropriate federal agent of all assets and property, real and personal, over which Defendant exercises dominion and control, including property in a nominee name or otherwise secreted, together with a proper description thereof;

b. to take any actions deemed necessary by the U.S. Attorney to substantiate the truthfulness of any of Defendant's disclosures;

c. Defendant does hereby, forfeit, release, and/or transfer all interests in the property described above, and agrees to take all steps deemed necessary by the U.S. Attorney to ensure that clear title, ownership, and possession vests in the United States, including, but not limited to, the signing of all instruments necessary to pass title, the approval and signing of any stipulation for judgment or consent decree of forfeiture, and of any other documents necessary to effectuate such transfers and vest clear title in the United States;

d. not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Information filed in this case and Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Information

and that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney;

   e. that Defendant has/had an interest in the above-described property; and such property constitutes, or was proceeds Defendant obtained, directly or indirectly, as a result of the violation(s) charged in the Information and/or it is property that Defendant used to commit, or to facilitate the commission of the offense(s) charged in the Information, and/or it is property that was involved in the offense(s) charged in the Information. The U.S. Attorney reserves the right to proceed against any assets not identified either in this agreement or in any civil actions that are resolved, along with this plea of guilty, if the assets constitute or are derived from the proceeds of any violation(s) contained in the Information or if the assets facilitated such violation(s), or if the assets were involved in such violation(s); and

   f. if the U.S. Attorney determines that property identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the U.S. Attorney shall be entitled to forfeiture of any other property (substitute assets) of Defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this cause. Defendant agrees that forfeiture of substitute assets, as authorized in this agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the asset(s) described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

   g. By entering into this Plea Agreement, Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture. Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

   h. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives Defendant's right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

i. Defendant understands that Defendant's failure to perform the obligations relating to forfeiture may void this Plea Agreement in its entirety at the discretion of the U.S. Attorney.

**12. Compliance Obligations**

Upon the approval of this Agreement by the Court, Red Samurai Sushi, Inc. agrees to verify the Social Security numbers of its existing workforce utilizing the Social Security Number Verification System and to submit to an I-9 Form audit by the U.S. Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), with annual audits by HSI occurring every year thereafter during the term of this Agreement. Thereafter, Red Samurai Sushi, Inc. agrees to:

a. Use the U.S. Citizenship and Immigration Services ("USCIS") "E-Verify" system for all hiring;

b. Establish within 30 days of the execution of this Agreement, after receiving instruction from HSI, an internal training program to instruct employees on how to: properly and legally complete I-9 Forms (Employee Eligibility Verification Forms); detect fraudulent use of documents in the I-9 Form process; and use the E-Verify system;

c. Require the I-9 Form and E-Verify system process be conducted only by individuals who have received training pursuant to subparagraph (b);

d. Establish within 30 days of the execution of this Agreement a self-reporting procedure for reporting to HSI, within 24 hours, the discovery or allegations of violations of immigration laws or regulations, provided that the United States will not seek to criminally prosecute Red Samurai Sushi, Inc. for any acts or conduct disclosed by Red Samurai Sushi, Inc. to HSI pursuant to this Agreement if Red Samurai Sushi, Inc. voluntarily, truthfully, completely and timely discloses all information and knowledge that Red Samurai Sushi, Inc. has with regard to such discoveries or allegations of violations of immigration laws or regulations.

e. Within 30 days of the execution of this Agreement, designate an employee to serve as Compliance Officer to ensure that employment practices are in accordance with the terms of the USCIS's Handbook for Employers, Red Samurai Sushi, Inc.'s internal training program, and this Agreement;

f. Establish and maintain safeguards against use of the verification process for unlawful discrimination;

g. Require contractors employed by Red Samurai Sushi, Inc. to submit a sworn affidavit, signed under penalty of perjury, attesting that the contractor has examined identification document(s) relating to its employees and that such identification document(s) appear to be genuine and relate to the employee named and, to the best of the contractor's knowledge, such employee is authorized to work in the United States;

h. Deliver to HSI within 3 days of the execution of a contract the sworn affidavit required to be submitted to Red Samurai Sushi, Inc. pursuant to subparagraph g;

i. Upon the execution of this Agreement, begin making copies of identification document(s) required by Form I-9 and submitted by applicants for employment, and retaining such copies during the pendency of this Agreement, irrespective of whether the applicant is ultimately employed by Red Samurai Sushi, Inc., and bringing potentially false or fraudulent identification documents to the attention of HIS pursuant to subparagraph d.

13. **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant, and to appeal the conviction and sentence, in exchange for the U.S. Attorney entering into this plea agreement, hereby expressly waives the following rights:

a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

c. any right to seek attorney fees and/or costs under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the Defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

d. all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by Defendant or by Defendant's representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

e. Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under

the rules of evidence applicable at trial.

      f.    Defendant further acknowledges that Defendant's attorney has advised Defendant of Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant knowingly and voluntarily waives these rights and agrees that such waiver becomes effective upon Defendant's signing of this Plea Agreement. Defendant agrees that this Plea Agreement, along with any and all factual statements made, adopted, or admitted by Defendant in any form or forum, including at Defendant's plea hearing, can be used against Defendant, without limitation, at any time in any proceeding, including at any trial in this case, should Defendant fail or refuse as to any part of this Plea Agreement and/or should Defendant commit any further crimes, regardless of whether this Plea Agreement have been accepted by the Court. Defendant specifically waives any objection—pursuant to Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other basis—to the use of any and all facts or information to which the Defendant admits or adopts in conjunction with this Plea Agreement or otherwise, including facts and information admitted or adopted by Defendant in open court during Defendant's plea hearing.

      g.    Notwithstanding the foregoing, Defendant retains the right to pursue a claim of ineffective assistance of counsel.

**Defendant waives these rights in exchange for the United States Attorney entering into this plea agreement.**

    **13.**    **Complete Agreement.** It is further understood that this plea agreement completely reflects all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi and Defendant.

Defendant and Defendant's attorney of record declare that the terms of this plea agreement have been:

1. **READ BY OR TO DEFENDANT'S AUTHORIZED REPRESENTATIVE;**
2. **EXPLAINED TO DEFENDANT'S AUTHORIZED REPRESENTATIVE BY DEFENDANT'S ATTORNEY;**
3. **UNDERSTOOD BY DEFENDANT'S AUTHORIZED REPRESENTATIVE;**
4. **VOLUNTARILY ACCEPTED BY DEFENDANT'S AUTHORIZED REPRESENTATIVE; and**
5. **AGREED TO AND ACCEPTED BY DEFENDANT'S AUTHORIZED REPRESENTATIVE.**

WITNESS OUR SIGNATURES, as set forth below.

**ON BEHALF OF RED SAMURAI SUSHI, INC.**

_____     08/04/2020
Rui Ping Lin, Authorized Representative     Date
Red Samurai Sushi, Inc.

**COUNSEL FOR RED SAMURAI SUSHI, INC.**

I, J. Michael Duncan, retained counsel for Red Samurai Sushi, Inc., hereby expressly acknowledge the following: (1) that I have discussed this Plea Agreement with my client; (2) that I have fully explained each of its terms to my client; (3) that I have fully answered each and very question put to me by my client regarding the Plea Agreement; and (4) I believe my client completely understands all of the Plea Agreement's terms.

_____     08/04/2020
J. Michael Duncan, Esq.     Date
Attorney for Defendant

**ON BEHALF OF THE GOVERNMENT**
**UNITED STATES DEPARTMENT OF JUSTICE**

_____     8/4/20
D. MICHAEL HURST, JR.     Date
United States Attorney